IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| CARLOS A. ACOSTA; ANGELA P. ACOSTA; and REPAINTEX COMPANY, | ) ) ) ) |
| Defendants. | ) ) |

Civil Action No. 1:24-cv-01876

## ANSWER

Defendant Angela P. Acosta ("Ms. Acosta" or "Defendant"), by and through its undersigned Counsel, submits her Answer and Affirmative Defenses to Plaintiff's Complaint. In support thereof, Defendant states:

### JURISDICTION AND VENUE

1. Paragraph 1 sets forth legal conclusions regarding jurisdiction to which no response is required. To the extent that a response is required, the allegations are admitted.

2. Paragraph 2 sets forth legal conclusions regarding venue to which no response is required. To the extent that a response is required, the allegations are admitted.

### THE PARTIES

3. Defendant admits the allegations in Paragraph 3.

4. Defendant has insufficient information to admit or deny this paragraph. Accordingly, the allegations are deemed denied.

1

5. Defendant admits to being a resident of Florida. Defendant denies any remaining allegations in Paragraph 5.

6. Defendant has insufficient information to admit or deny this paragraph. Accordingly, the allegations are deemed denied.

## FACTS AND BACKGROUND

**I.  The Indemnity Agreement Executed by the Defendants**

7. Defendant has no memory of this Agreement and states that the Indemnity Agreement, to the extent authenticated, speaks for itself and denies any allegations inconsistent with the document.

8. These allegations are admitted.

9. Defendant does not believe she was ever officially an officer of Repaintex and therefore denies the same; Defendant denies being a current officer and/or director.

10. Defendant states that the Indemnity Agreement, to the extent authenticated, speaks for itself and denies any allegations inconsistent with the document.

11. Defendant states that the Indemnity Agreement, to the extent authenticated, speaks for itself and denies any allegations inconsistent with the document.

12. Defendant states that the Indemnity Agreement, to the extent authenticated, speaks for itself and denies any allegations inconsistent with the document.

13. Defendant states that the Indemnity Agreement, to the extent authenticated, speaks for itself and denies any allegations inconsistent with the document.

14. Defendant states that the Indemnity Agreement, to the extent authenticated, speaks for itself and denies any allegations inconsistent with the document.

15. Defendant states that the Indemnity Agreement, to the extent authenticated, speaks for itself and denies any allegations inconsistent with the document.

16. Defendant states that the Indemnity Agreement, to the extent authenticated, speaks for itself and denies any allegations inconsistent with the document.

17. Defendant states that the Indemnity Agreement, to the extent authenticated, speaks for itself and denies any allegations inconsistent with the document.

18. Defendant states that the Indemnity Agreement, to the extent authenticated, speaks for itself and denies any allegations inconsistent with the document.

19. Defendant states that the Indemnity Agreement, to the extent authenticated, speaks for itself and denies any allegations inconsistent with the document.

20. Defendant states that the Indemnity Agreement, to the extent authenticated, speaks for itself and denies any allegations inconsistent with the document.

21. Defendant states that the Indemnity Agreement, to the extent authenticated, speaks for itself and denies any allegations inconsistent with the document.

22. Defendant states that the Indemnity Agreement, to the extent authenticated, speaks for itself and denies any allegations inconsistent with the document.

23. Defendant states that the Indemnity Agreement, to the extent authenticated, speaks for itself and denies any allegations inconsistent with the document.

24. Defendant has insufficient information to admit or deny the allegations in this paragraph. Accordingly, the allegations are deemed denied.

25. Defendant has insufficient information to admit or deny the allegations in this paragraph. Accordingly, the allegations are deemed denied.

26. Defendant has insufficient information to admit or deny the allegations in this paragraph. Accordingly, the allegations are deemed denied.

27. Defendant states that the Indemnity Agreement, to the extent authenticated, speaks for itself and denies any allegations inconsistent with the document.

**II.     Repaintex's Default and Travelers' Exposure Under Bonds.**

28. Defendant has insufficient information to admit or deny the allegations in this paragraph. Accordingly, the allegations are deemed denied.

29. Defendant has insufficient information to admit or deny the allegations in this paragraph. Accordingly, the allegations are deemed denied.

30. Defendant has insufficient information to admit or deny the allegations in this paragraph. Accordingly, the allegations are deemed denied.

31. Defendant has insufficient information to admit or deny the allegations in this paragraph. Accordingly, the allegations are deemed denied.

32. Defendant has insufficient information to admit or deny the allegations in this paragraph. Accordingly, the allegations are deemed denied.

33. Defendant has insufficient information to admit or deny the allegations in this paragraph. Accordingly, the allegations are deemed denied.

34. Defendant has insufficient information to admit or deny the allegations in this paragraph. Accordingly, the allegations are deemed denied.

35. Defendant has insufficient information to admit or deny the allegations in this paragraph. Accordingly, the allegations are deemed denied.

36. Defendant has insufficient information to admit or deny the allegations in this paragraph. Accordingly, the allegations are deemed denied.

37. Defendant has insufficient information to admit or deny the allegations in this paragraph. Accordingly, the allegations are deemed denied.

38. Defendant has insufficient information to admit or deny the allegations in this paragraph. Accordingly, the allegations are deemed denied.

39. Defendant has insufficient information to admit or deny the allegations in this paragraph. Accordingly, the allegations are deemed denied.

40. Defendant has insufficient information to admit or deny the allegations in this paragraph. Accordingly, the allegations are deemed denied.

41. Defendant has insufficient information to admit or deny the allegations in this paragraph. Accordingly, the allegations are deemed denied.

42. Defendant has insufficient information to admit or deny the allegations in this paragraph. Accordingly, the allegations are deemed denied.

**III.    The Defendants Have Breached Their Obligations Under the Indemnity Agreement.**

43. Defendant has insufficient information to admit or deny the allegations in this paragraph. Accordingly, the allegations are deemed denied.

44. Defendant denies receiving, responding or having any knowledge of Plaintiff's Books & Records Demand. Pursuant to the Defendant's September 2020 divorce decree, Defendant expressly released all rights and claims in any businesses related to Defendant Carlos Acosta, including Repaintex, and has no access nor right to an accounting or audit of Repaintex's books or records.

45. Defendant denies knowledge or involvement in any response to the Books & Records Demand or any subsequent investigation. Defendant has insufficient information to admit

or deny the remaining allegations in this paragraph. Accordingly, the allegations are deemed denied.

46. Defendant has insufficient information to admit or deny the allegations in this paragraph. Accordingly, the allegations are deemed denied.

47. Defendant has insufficient information to admit or deny the allegations in this paragraph. Accordingly, the allegations are deemed denied.

48. Defendant has insufficient information to admit or deny the allegations in this paragraph. Accordingly, the allegations are deemed denied.

49. Defendant has insufficient information to admit or deny the allegations in this paragraph. Accordingly, the allegations are deemed denied.

50. Defendant has insufficient information to admit or deny the allegations in this paragraph. Accordingly, the allegations are deemed denied.

51. Defendant has insufficient information to admit or deny the allegations in this paragraph. Accordingly, the allegations are deemed denied.

52. Defendant has insufficient information to admit or deny the allegations in this paragraph. Accordingly, the allegations are deemed denied.

53. Defendant has insufficient information to admit or deny the allegations in this paragraph. Accordingly, the allegations are deemed denied.

54. Defendant has insufficient information to admit or deny the allegations in this paragraph. Accordingly, the allegations are deemed denied.

55. Defendant has insufficient information to admit or deny the allegations in this paragraph. Accordingly, the allegations are deemed denied.

**COUNT ONE – BREACH OF CONTRACT**
**(Money Damages)**

56. Defendant incorporates by reference its responses to Paragraphs 1 through 55 above as if fully set forth herein.

57. Paragraph 57 sets forth legal conclusions to which no response is required. To the extent a response is required, Defendant denies the same.

58. Defendant has insufficient information to admit or deny the allegations in this paragraph. Accordingly, the allegations are deemed denied.

59. Defendant has insufficient information to admit or deny the allegations in this paragraph. Accordingly, the allegations are deemed denied.

60. Defendant has insufficient information to admit or deny the allegations in this paragraph. Accordingly, the allegations are deemed denied.

61. Defendant has insufficient information to admit or deny the allegations in this paragraph. Accordingly, the allegations are deemed denied.

62. Defendant has insufficient information to admit or deny the allegations in this paragraph. Accordingly, the allegations are deemed denied.

63. Defendant has insufficient information to admit or deny the allegations in this paragraph. Accordingly, the allegations are deemed denied.

64. Defendant has insufficient information to admit or deny the allegations in this paragraph. Accordingly, the allegations are deemed denied.

65. Defendant has insufficient information to admit or deny the allegations in this paragraph. Accordingly, the allegations are deemed denied.

66. Paragraph 66 sets forth legal conclusions to which no response is required. To the extent a response is required, Defendant has insufficient information to admit or deny the allegations in this paragraph. Accordingly, the allegations are deemed denied.

67. Paragraph 67 sets forth legal conclusions to which no response is required. To the extent a response is required, Defendant has insufficient information to admit or deny the allegations in this paragraph. Accordingly, the allegations are deemed denied.

68. Paragraph 68 sets forth legal conclusions to which no response is required. To the extent a response is required, Defendant has insufficient information to admit or deny the allegations in this paragraph. Accordingly, the allegations are deemed denied.

69. Paragraph 69 sets forth legal conclusions to which no response is required. To the extent a response is required, Defendant has insufficient information to admit or deny the allegations in this paragraph. Accordingly, the allegations are deemed denied.

## COUNT TWO – BREACH OF CONTRACT
### (Specific Performance)

70. Defendant incorporates by reference its responses to Paragraphs 1 through 69 above as if fully set forth herein.

71. Paragraph 71 sets forth legal conclusions to which no response is required. To the extent a response is required, Defendant has insufficient information to admit or deny the allegations in this paragraph. Accordingly, the allegations are deemed denied.

72. Paragraph 72 sets forth legal conclusions to which no response is required. To the extent a response is required, Defendant has insufficient information to admit or deny the allegations in this paragraph. Accordingly, the allegations are deemed denied.

73. Paragraph 73 sets forth legal conclusions to which no response is required. To the extent a response is required, Defendant has insufficient information to admit or deny the allegations in this paragraph. Accordingly, the allegations are deemed denied.

74. Defendant has insufficient information to admit or deny the allegations in this paragraph. Accordingly, the allegations are deemed denied.

75. Paragraph 75 sets forth legal conclusions to which no response is required. To the extent a response is required, Defendant has insufficient information to admit or deny the allegations in this paragraph. Accordingly, the allegations are deemed denied.

76. Paragraph 76 sets forth legal conclusions to which no response is required. To the extent a response is required, Defendant has insufficient information to admit or deny the allegations in this paragraph. Accordingly, the allegations are deemed denied.

77. Paragraph 77 sets forth legal conclusions to which no response is required. To the extent a response is required, Defendant has insufficient information to admit or deny the allegations in this paragraph. Accordingly, the allegations are deemed denied.

78. Defendant admits the quoted language was contained in the Indemnity Agreement, but the document speaks for itself. Defendant denies all remaining allegations in this paragraph.

## COUNT III: *QUIA TIMET* AND INJUNCTIVE RELIEF

79. Defendant incorporates by reference its responses to Paragraphs 1 through 78 above as if fully set forth herein

80. Paragraph 80 sets forth legal conclusions to which no response is required. To the extent a response is required, Defendant has insufficient information to admit or deny the allegations in this paragraph. Accordingly, the allegations are deemed denied.

81. Defendant has insufficient information to admit or deny the allegations in this paragraph. Accordingly, the allegations are deemed denied.

82. Paragraph 82 sets forth speculations and hypothetical statements to which no response is required. To the extent that a response is required, the allegations are denied.

83. Paragraph 83 sets forth legal conclusions to which no response is required. To the extent that a response is required, the allegations are denied.

84. Defendant admits the quoted language was contained in the Indemnity Agreement, but the document speaks for itself. Defendant denies all remaining allegations in this paragraph.

85. Paragraph 85 sets forth legal conclusions to which no response is required. To the extent a response is required, Defendant has insufficient information to admit or deny the allegations in this paragraph. Accordingly, the allegations are deemed denied.

86. All other allegations, including those found in the non-numbered Prayer for Relief paragraphs in each Count, not otherwise admitted or denied are hereby deemed denied.

## **AFFIRMATIVE DEFENSES**

1. The divorce decree between Defendant Angela Acosta and Defendant Carlos Acosta released Defendant from all rights, title, interest, liabilities and claims related to Repaintex and any other of Defendant Carlos Acosta's corporate liabilities, including the obligations found in the Indemnity Agreement.

2. The Indemnity Agreement should be found unenforceable against Defendant.

3. Defendant's claims are barred by the doctrine of waiver, unclean hands, failure of diligence or estoppel.

4. Defendant's recovery is barred to the extent it has failed to mitigate its alleged damages.

5. Defendant's recovery is barred to the extent Defendant was not the proximate cause of the damages alleged.

6. Defendant reserves the right to rely upon any and all other defenses available to her under the law should evidence supporting such defenses be developed during the course of discovery or at trial.

Dated: December 6, 2024                    Respectfully submitted,

                                                              /s/
                                 Timothy P. Bosson, Esq.
                                 Licensed in VA (#72746)
                                 **BOSSON LEGAL GROUP, P.C.**
                                 8300 Arlington Blvd. Ste B2
                                 Fairfax, Virginia 22031
                                 T:571-771-2529 | F:571-775-2521
                                 *TBosson@bossonlaw.com*
                                 *Counsel for Defendant Angela P. Acosta*

## CERTIFICATE OF SERVICE

I hereby certify that on 6 December, 2024, I caused the foregoing to be filed with the Clerk of Court on the Court's CM/ECF system, which will then send a notification of such filing to all counsel of record.

                                                              /s/
                                 Timothy P. Bosson, Esq.