IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>CARLOS A. ACOSTA;<br>ANGELA P. ACOSTA; and<br>REPAINTEX COMPANY,<br><br>        Defendants. | Civil Action No. 1:24-cv-01876 |

**PLAINTIFF TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA'S MOTION FOR ALTERNATIVE SERVICE AND SUPPORTING MEMORANDUM**

Plaintiff, Travelers Casualty and Surety Company of America ("Travelers"), pursuant to Federal Rules of Civil Procedure 4(e)(1) and 4(c)(3), files this Motion for Alternative Service and Supporting Memorandum on Defendants Carlos A. Acosta and Repaintex Company ("Repaintex", together with Mr. Acosta, the "Repaintex Defendants"), and states:

**INTRODUCTION**

On October 25, 2024, Travelers filed its Complaint [ECF 1] (the "Complaint") against the Repaintex Defendants and Angela Acosta seeking to enforce its rights under a General Agreement of Indemnity dated October 10, 2015 (the "Indemnity Agreement" or "GAI") and requesting a money judgment in the amount of no less than $7,654,529.87. *See* Compl. ¶¶ 7, 67. As explained further below, Travelers made numerous attempts to serve the Repaintex Defendants in Virginia and Florida without success. Instead, Travelers discovered from defendant Angela Acosta that the Repaintex Defendants are likely attempting to evade service because Ms. Acosta informed Mr. Acosta, her ex-husband, that she was served with the Summons and Complaint, and Mr. Acosta

"told [her], in so many words, that he was going to be taking actions to avoid liability." *See* Declaration of Angela Acosta dated January 13, 2025 (the "Angela Acosta Decl."), ¶ 2, attached as **Exhibit "1"**. As such, Travelers seeks leave of Court to effectuate service on the Repaintex Defendants using the following alternative methods: (1) first-class mail, postage prepaid; (2) posting; and (3) emailing.

## BACKGROUND

A. The Litigation is Initiated.

1. This case arises from Travelers, as surety, issuing numerous payment and performance bonds on behalf of Repaintex for U.S. federal construction projects, including a project with the U.S. General Services Administration ("GSA"). Compl., ¶¶ 28, 29.

2. On January 10, 2024, the GSA issued a notice of default to Repaintex. *See* Compl., ¶ 31, Exh. C. When Repaintex failed to cure the default, the GSA terminated Repaintex via Termination Notice sent to Repaintex care of defendant, Mr. Acosta. *See* Compl., ¶ 33, Exh. D.

3. In response to the GSA's termination of Repaintex, Travelers sent demand letters under its indemnity agreement to Repaintex and Mr. Acosta on February 26, 2024, and September 13, 2024. *See* Compl., ¶¶ 43, 46, Exhs. F, G.

4. In particular, in its September 13, 2024, demand letter, Travelers advised Repaintex and Mr. Acosta that if they failed to comply with the demand, "Travelers will have no choice but to immediately pursue all legal rights and remedies." *See* Compl., ¶ 46, Exh. G.

5. Notably, Travelers sent the September 13, 2024 demand letter by Federal Express, email, and certified mail/return receipt to Mr. Acosta at the Oleander Address. *See* Compl., ¶ 46, Exh. G. Travelers received a <u>signed</u> return receipt from Mr. Acosta at his Oleander Address (defined below) in North Miami, Florida, indicating that the September 13, 2024 letter was

received and signed for at Mr. Acosta's Oleander Address on September 28, 2024. *See* Declaration of Kelly Engel dated January 9, 2025 (the "Engel Decl."), ¶¶ 4-5, Exhs. 1, 2, attached hereto as **Exhibit "2"**.

6. Thus, both Repaintex and Mr. Acosta were aware that, if they failed to comply with Travelers' indemnity demands, Travelers would pursue litigation against them.

7. On October 25, 2024, Travelers filed the Complaint. *See* ECF 1.

8. On October 28, 2024, the Clerk issued Summonses to Ms. Acosta, Mr. Acosta, and Repaintex. *See* ECF 8. That same day, Travelers provided the Summonses and the Complaint to process servers for service.

**B.   Travelers is Unable to Serve Repaintex or Mr. Acosta.**

9. Repaintex is a Virginia corporation with its principal place of business at 722 E Market Street, Suite 102, Leesburg, Virginia 20176 (the "Market Street Address"). *See* Compl. ¶ 6; *see also* **Exhibit "3"** (Stock Corporation – Annual Report filed November 4, 2024, with Virginia State Corporations Commission (the "Virginia Annual Report").

10. Mr. Acosta is the President, Director, Sole Officer, and Registered Agent for Repaintex. *See* Compl. ¶ 7; *see also* Compl., Ex. A, p. 5; *see also* Exh. 3. Mr. Acosta filed and signed the Virginia Annual Report on behalf of Repaintex and "affirm[ed] that the information contained in [the Virginia Annual Report] is accurate and complete[.]" *See* Exh. 3.

11. Mr. Acosta also filed and signed, under oath, Repaintex's 2024 Foreign Profit Annual Report filed with the Florida Secretary of State on January 31, 2024 (the "Florida Annual Report"). *See* **Exhibit "4"**. In the Florida Annual Report, Mr. Acosta affirms that: (1) the Market Street Address is Repaintex's principal place of business; (2) Mr. Acosta is Repaintex's registered agent; and (3) Mr. Acosta is an officer of Repaintex. *See* Exh. 4.

3

12. Despite multiple efforts to serve Repaintex at the Market Street Address, neither Mr. Acosta nor anyone else is at the Market Street Address to accept service for Repaintex. *See* Affidavit of Non-Service of Max Molina dated November 4, 2024 (the "Molina Aff."), ¶ 1, attached as **Exhibit "5"**. Nor was anyone available to accept service at Repaintex's prior place of business, 116 Edwards Ferry Road Northeast, Suite H, Leesburg, Virginia 20176 (the "Edwards Ferry Address"). *See id.* at ¶ 3; *see also* Compl., ¶ 6.

13. Specifically, on October 29, 2024, Max Molina, a process server, attempted to serve Repaintex via its registered agent, Mr. Acosta, at its principal place of business and registered agent's location: the Market Street Address. *See* Molina Aff., ¶ 1. Mr. Molina was unable to find anyone to serve at the Market Street Address.

14. Mr. Molina made a second attempt to serve Repaintex on October 30, 2024, at the Market Street Address. *See* Molina Aff., ¶ 2. During the second attempt, Mr. Molina spoke with a woman named "Basilla," who "confirmed that the company in question rents a space there but has never been on-site." *See id*. She also stated that she is "not authorized" to accept service on behalf of Repaintex. *See id*.

15. That same day, Mr. Molina made a third attempt to serve Repaintex at its former address, the Edwards Ferry Address, without success. *See id.* at ¶ 3.

16. Due to Mr. Molina's unsuccessful efforts to serve Repaintex in Virginia via its registered agent, Mr. Acosta, Travelers then attempted to serve Repaintex and Mr. Acosta together in Florida.

17. Specifically, Mr. Acosta is a Florida resident who owns and resides at 12911 Oleander Rd., North Miami, Florida 33181 (the "Oleander Address"). *See* Compl. ¶ 4; *see also* **Exhibit "6"** (Nov. 15, 2024, Detailed Report from Miami-Dade County, Florida, Office of the

4

Property Appraiser).

18. Travelers' process server made three separate attempts to serve Mr. Acosta and Repaintex at the Oleander Address without success:

- November 4, 2024 at 11:47 a.m. – "There was no answer at the residence. There were no signs anyone was inside the residence. I was on site for 10 minutes and there was no change so I left the premises."

- November 7, 2024 at 6:05 p.m. – "There was no answer at the residence. There was a car parked in the driveway, but there were no lights on inside the home. I was on site for 10 minutes and there was no change so I left the premises."

- November 13, 2024 at 8:46 p.m. – "There was no answer at the residence. There were no signs anyone was inside the residence. I was on site for 10 minutes and there was no change so I left the premises. The same car that has been parked at the residence on each attempt was still there and has not moved."

*See* Affidavit of Non-Service of Qaisar Anderson dated November 18, 2024, for Carlos Acosta attached as **Exhibit "7"**; *see also* Affidavit of Non-Service of Qaisar Anderson dated November 18, 2024, for Repaintex Company, attached as **Exhibit "8".**

19. Additionally, in both the Virginia Annual Report and the Florida Annual Report, Mr. Acosta listed a second Florida address for himself: 17111 Biscayne Blvd., # 2205, Aventura, FL 33160 (the "Biscayne Address"). *See* Exhs. 3 and 4.

20. On November 27, 2024, Travelers' process server, Tyrone Mapp, attempted to serve Mr. Acosta and Repaintex at the Biscayne Address without success being advised that "the defendant has sold the property … [and] moved out approximately eight months ago." *See* Affidavit of Non-Service of Tyrone Mapp dated November 27, 2024, for Carlos Acosta attached

5

as **Exhibit "9"**; *see also* Affidavit of Non-Service of Tyrone Mapp dated November 27, 2024, for Repaintex Company attached as **Exhibit "10"**.

C.  **Ms. Acosta Notifies Mr. Acosta of the Litigation.**

21. While Travelers' attempted to serve Mr. Acosta and Repaintex, Travelers successfully served Ms. Acosta on October 31, 2024. *See* ECF 10.

22. After being served with the Summons and Complaint, Ms. Acosta called Mr. Acosta, her ex-husband. Angela Acosta Decl., ¶ 2. During the phone call, Mr. Acosta told Ms. Acosta "in so many words, that he was going to be taking actions to avoid liability." Angela Acosta Decl., ¶ 2.

## GROUNDS FOR RELIEF

23. Travelers diligently pursued efforts to effectuate personal service of the Summons and Complaint on the Repaintex Defendants by attempting service in multiple jurisdictions and locations. It has, however, abundantly clear that Mr. Acosta, and by extension as its sole officer, director, shareholder, and registered agent, Repaintex, are aware of this litigation and purposefully evading Travelers' efforts at service.

24. Mr. Acosta and Repaintex knew prior to initiation of this litigation that it was forthcoming. *See* Compl., ¶¶ 43, 46, Exhs. F & G. Then, when Ms. Acosta informed Mr. Acosta of the litigation, he advised her to "that he was going to be taking actions to avoid liability." Angela Acosta Decl., ¶ 2. Notably, Ms. Acosta was served first on October 31, 2024. *See* ECF 10. Attempts to serve Repaintex were initially made in Virginia on October 29, 2024 and October 30, 2024. *See* Exh. 5. It was after these initial attempts of service in Virginia were made and Mr. Acosta advised Ms. Acosta "that he was going to be taking actions to avoid liability," that attempts to serve Mr. Acosta and Repaintex at Mr. Acosta's personal residence, the Oleander address were

made (November 4, 2024). *See* Exhs. 6, 7, 8. With his prior knowledge of the pending litigation, it appears that Mr. Acosta is actively evading service as part of his "actions to avoid liability."

25. It is "well settled that notice must be 'reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *J & J Sports Prods., Inc. v. Wing Bistro LLC*, No. 4:13CV31, 2013 WL 6834645, at *2 (E.D. Va. Dec. 19, 2013) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). Once a defendant "has actual notice of the pendency of an action, the requirements of FRCP 4 are to be liberally construed." *Banco Latino, S.A.C.A. v. Gomez Lopez*, 53 F. Supp. 2d 1273, 1281 (S.D. Fla. 1999) (citations omitted).

26. An individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). An individual can also be served by "delivering a copy of the summons and of the complaint to the individual personally;" or by "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there[.]" *See* Fed. R. Civ. P. 4(e)(2).

27. Under Florida law, alternative methods of service upon an individual are effective where a defendant deliberately evades attempted service, but the attempted service gives the defendant notice of the action. *U.S. S.E.C. v. Reinhard*, 352 Fed. Appx. 309, 313-14 (2009). Mr. Acosta's "[n]otice of [the] complaint coupled with good faith attempted service is sufficient to confer jurisdiction where [Mr. Acosta] is evading service of process. *Banco Latino, S.A.C.A.*, 53 F. Supp. 2d at 1281.

28. A corporation can be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment

or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant[.]" *See* Fed. R. Civ. P. 4(e)(1) & 4(h). Virginia law allows for service on corporations in multiple ways, including by "personal service of any officer, director, or registered agent of any such corporation." *See* Va. Code § 8.01-299(1). The statute for service on corporations in Virginia does not proscribe other methods of service on agents of corporations. *J & J Sports Prods., Inc.*, 2013 WL 6834645, at *3. However, in *J&J Sports*, the court found that service by posting and certified mail on the registered agent of a corporate defendant was effective where "service of process and notice were sufficient under all of the circumstances to apprise the defendants of the pendency of this action." *Id*.

29. Travelers made numerous diligent good-faith attempts to serve both Carlos A. Acosta and Repaintex, including at locations they represented under oath as their place for service. *See* Exh. 3 (the Virginia Annual Report), Exh. 4 (the Florida Annual Report). Mr. Acosta is fully apprised of this litigation, both in his individual capacity and as the sole officer, director, shareholder, and registered agent of Repaintex. He knew that this litigation was on the horizon. *See* Compl., ¶¶ 43, 46, Exhs. F, G. Indeed, on September 28, 2024, Travelers' September 13, 2024 demand letter was signed for and accepted at Mr. Acosta's Oleander Address. Engel Decl., ¶¶ 4-5, Exhs. 1, 2; *see also* Exh. 6. His ex-wife and co-defendant, Ms. Acosta, told him the litigation was filed. His response was "that he was going to be taking actions to avoid liability." *See* Angela Acosta Decl., ¶ 2. Mr. Acosta's notable absence from his personal residence and all places of business, just days after he found-out about the litigation, coupled with his comments to his ex-wife, evidences a clear intent to evade service. Mr. Acosta's actions should not be condoned.

30. Travelers thus seeks permission to effectuate service on Mr. Acosta and Repaintex in the following alternative manners:

      a.      Delivery of the Summons and Complaint by first-class mail at the Market Street Address, Edwards Ferry Address, and Oleander Address;

      b.      Posting the Summons and Complaint at all the Market Street Address, Edwards Ferry Address, and Oleander Address, and

      c.      Emailing the Summons and Complaint to Mr. Acosta and Repaintex using the known email address belonging to Mr. Acosta/Repaintex: Carlos@repaintex.com.

31.      These measures, along with Mr. Acosta's actual knowledge, both in his individual capacity and as the sole owner and officer of Repaintex, are more than sufficient to satisfy the purpose of FRCP 4 and the purpose of service of process: "to apprise the defendants of the pendency of this action." *J & J Sports Prods., Inc.*, 2013 WL 6834645, at *3. In particular, the Oleander Address is Mr. Acosta's residence and he was accepting certified letters from Travelers as recently as September 28, 2024. *See* Exh. 6; *see also* Engel Decl., ¶¶ 4-5, Exhs. 1, 2. It is clear that Mr. Acosta resides at the Oleander Address. Service via first-class mail[1] and posting at the Oleander Address both in his individual capacity and as the sole officer, shareholder, and registered agent for Repaintex will be sufficient to give Mr. Acosta and Repaintex notice of this action, especially when coupled with all of the other methods of proposed alternative service. *See In re Bailey*, 90 F.4th 1158, 1170-1171 (11th Cir. 2024) (due process only requires notice that is "reasonable" under the circumstances to apprise the opponent of the litigation).

32.      Likewise, service upon Mr. Acosta and Repaintex via email will serve the purpose

---

[1] As Mr. Acosta already indicated his intention to "avoid liability", *see* Angela Acosta Decl., ¶ 2, he will likely attempt to evade service by certified mail by not signing for the certified mail. Travelers should not have to continue to pursue manners of service that allow Mr. Acosta to evade service. Notably, service of a summons and complaint by first-class mail, postage prepaid is deemed an acceptable manner of service under the Federal Rules of Bankruptcy Procedure 7004 demonstrating that it satisfies due process requirements.

of FRCP 4. Travelers sent correspondence to Repaintex and Mr. Acosta on September 13, 2024 and November 5, 2024 to the address carlos@repaintex.com. Engel Decl., ¶¶ 6-7. Travelers received a delivery confirmation of the email for the address carlos@repaintex.com indicating that the address is still active and operational. Engel Decl., ¶¶ 6-7, Exhs. 3, 4. Thus, it is clear that the email address carlos@repaintex.com is active and used by Mr. Acosta, and as such, would be sufficient to effectuate the necessary service upon him.

WHEREFORE, Travelers respectfully requests this Court: (a) grant this motion; (b) approved of Travelers effectuating service on Mr. Acosta and Repaintex by first-class mail postage, prepaid, posting, and email; and (c) grants such further relief as is necessary, just, and proper.

DATED:     January 13, 2025           Respectfully submitted,

/s/ Marguerite Lee DeVoll
Jennifer L. Kneeland (VSB No. 71187)
Marguerite Lee DeVoll (VSB No. 93474)
WATT, TIEDER, HOFFAR & FITZGERALD, LLP
1765 Greensboro Station Place, Suite 1000
McLean, Virginia 22102
(703) 749-1000
(703) 893-8029 (fax)
jkneeland@watttieder.com
mdevoll@watttieder.com

*Counsel for Travelers Casualty & Surety Company of America*

## **CERTIFICATE OF SERVICE**

I HEREBY certify that I caused the foregoing to be served via CM/ECF on January 13, 2025 on the following:

>Timothy P. Bosson
>**BOSSON LEGAL GROUP, P.C.**
>8300 Arlington Blvd. Ste B2
>Fairfax, Virginia 22031
>*TBosson@bossonlaw.com*
>*Counsel for Defendant Angela P. Acosta*

I HEREBY further certify that I caused the foregoing to be served via first-class mail, postage prepaid on January 13, 2025 on the following:

| | |
|---|---|
| Carlos Acosta<br>12911 Oleander Rd.<br>North Miami, Florida 33181 | Repaintex Company<br>722 E Market Street, Suite 102<br>Leesburg, Virginia 20176 |
| Repaintex Company<br>c/o Carlos Acosta<br>12911 Oleander Rd.<br>North Miami, Florida 33181 | Repaintex Company<br>116 Edwards Ferry Road Northeast, Suite H<br>Leesburg, Virginia 20176 |

*/s/ Marguerite Lee DeVoll*

Marguerite Lee DeVoll