IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, )<br><br>Plaintiff, )<br><br>v. )<br><br>CARLOS A. ACOSTA, *et al.*, )<br><br>Defendants. ) | Case No. 1:24-cv-01876 (PTG/WBP) |

## ORDER

Before the Court is Plaintiff's *ex parte* Motion for Alternative Service ("Motion"; ECF No. 15), in which Plaintiff requests that the Court authorize service of the summons and Complaint on two of the three defendants[1]—Repaintex Company ("Repaintex") and Carlos A. Acosta—by alternate means (*Id.* at 1). For the reasons below, Plaintiff's Motion is GRANTED in part and DENIED in part.

Repaintex is a Virginia corporation with its principal place of business in Leesburg, Virginia. (ECF No. 1 ¶ 6.) Defendant Carlos A. Acosta is a Florida resident and the sole officer, shareholder, and registered agent of Repaintex. (ECF No. 15 at 3.) Plaintiff has made several attempts to serve Repaintex and Mr. Acosta in Virgina and in Florida without success. (*Id.* at 1.) Thus, Plaintiff seeks permission from the Court to serve Repaintex and Mr. Acosta by (i) first-class mail at their various, known addresses, (ii) posting process at their various, known addresses, and (iii) email.

---

[1] Defendant Angela P. Acosta was served on October 31, 2024, and has filed an Answer. (ECF Nos. 10 and 14.)

Plaintiff believes that Mr. Acosta and Repaintex are aware of this lawsuit because Defendant Angela Acosta is Mr. Acosta's former wife, Ms. Acosta called Mr. Acosta when she was served, and Mr. Acosta told Ms. Acosta that he would be taking actions to avoid liability. (*Id.* 1-2.) Plaintiff believes that it has a current mailing address and email address for Mr. Acosta and Repaintex because, just prior to filing this lawsuit, Plaintiff successfully communicated with Mr. Acosta and Repaintex at an address in Florida and through a Repaintex email address. (*Id.* 2-3.)

Federal Rule of Civil Procedure 4(e)(1) provides that an individual may be served in accordance with "state law . . . in the state where the district court is located." Federal Rule of Civil Procedure 4(h)(1)(A) allows a corporation to be served "in the manner prescribed by Rule 4(e)(1) for serving an individual." So, a corporation can also be served in accordance with state law in the state where the district court is located. Because this Court is located within the Commonwealth of Virginia, Repaintex and Mr. Acosta can be served in any method allowed under Virginia law.

**A.      Repaintex**

Code of Virginia section 13.1-637 provides that "whenever a registered agent cannot with reasonable diligence be found at the registered office, then the [C]lerk of the [State Corporation] Commission shall be an agent of the corporation upon whom service may be made in accordance with § 12.1-19.1." Repaintex has a principal place of business at 722 E Market Street, Suite 102, Leesburg, Virginia, 20176. ("Market Street Address"; ECF No. 15-3 at 2.) Plaintiff's process server attempted to serve Mr. Acosta, Repaintex's registered agent, at the Market Street Address two times on October 29, 2024, and October 30, 2024. (ECF No. 15 at 4.) During the process server's second attempt, a woman answered the office door who "confirmed that [Repaintex]

rents a space [at the Market Street Address] but has never been on-site." (*Id.*; ECF No. 15-5.) The woman also stated that she was not authorized to accept process on behalf of Repaintex. (*Id.*)

Because Mr. Acosta was not found at the Market Street Address and the process server exercised reasonable diligence, Plaintiff is permitted to serve the Clerk of the State Corporation Commission on behalf of Repaintex. *See* VA. CODE §§ 13.637, 12.1-19.1.

### B. Carlos A. Acosta

Federal Rule of Civil Procedure 4(e)(1) also allows Mr. Acosta, a Florida resident, to be served in any manner permitted by Virginia law. The Code of Virginia provides that service of process on an individual may be effected by:

> [P]osting a copy of such process at the front door or at such other door as appears to be the main entrance of such place of abode, provided that not less than 10 days before judgment by default may be entered, the party causing service or his attorney or agent mails to the party served a copy of such process and thereafter files in the office of the clerk of court a certificate of such mailing.

Va. CODE § 8.01-296(2)(b).

Plaintiff alleges that Mr. Acosta owns and resides at 12911 Oleander Road, North Miami, Florida, 33181. ("Oleander Address"; ECF No. 15-6.) Plaintiff's process server attempted to serve Mr. Acosta at the Oleander Address three times on November 4, 2024, November 7, 2024, and November 13, 2024. (ECF No. 15 at 5.) Virginia law allows Plaintiff to serve Mr. Acosta by posting process at the front door of the Oleander Address, mailing a copy of process to the Oleander Address, and filing with the Clerk of Court a certificate of mailing. Coincidentally, this method of service incorporates Plaintiff's proposed alternative forms of service detailed in the Motion.

Therefore, it is hereby

ORDERED that Plaintiff may serve Repaintex by serving the Clerk of the Virginia State Corporation Commission in accordance with Code of Virginia sections 13.1-637 and 12.1-19.1, and it is further

ORDERED that Plaintiff serve Mr. Acosta by posting process and this Order on the front door of 12911 Oleander Road, North Miami, Florida, 33181. And, if Plaintiff requests the Clerk enter default against Mr. Acosta, Plaintiff must also mail a copy of process to the Oleander Address and file with the Clerk a certificate of mailing.

Entered this 15th day of January 2025.

_____
William B. Porter
United States Magistrate Judge

Alexandria, Virginia

4