IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CARLOS A. ACOSTA;<br>ANGELA P. ACOSTA; and<br>REPAINTEX COMPANY,<br><br>　　　　Defendants. | Civil Action No.  1:24-cv-01876 |

**PLAINTIFF TRAVELERS CASUALTY AND
SURETY COMPANY OF AMERICA'S MOTION
<u>FOR ENTRY OF DEFAULT AGAINST DEFENDANT REPAINTEX COMPANY</u>**

Plaintiff, Travelers Casualty and Surety Company of America ("<u>Travelers</u>"), files this *Motion for Entry of Default Against Defendant Carlos A. Acosta* (the "<u>Motion for Entry of Default</u>"), requesting that the Clerk enter a default against Defendant Repaintex Company ("<u>Repaintex</u>") pursuant to Federal Rules of Civil Procedure 12 and 55(a), and states:

**<u>PRELIMINARY STATEMENT</u>**

On October 25, 2024, Travelers filed its Complaint [ECF No. 1] (the "<u>Complaint</u>") against Repaintex, Carlos A. Acosta ("<u>Mr. Acosta</u>"), and Angela Acosta ("<u>Ms. Acosta</u>," and collectively, the "<u>Defendants</u>").  In the Complaint, Travelers asserted claims against the Defendants under a General Agreement of Indemnity (the "<u>Indemnity Agreement</u>") dated October 10, 2015, and requested a money judgment in the amount of no less than $7,965,721.00.  After commencing this action, Travelers attempted to serve Repaintex numerous times through its Registered Agent, Mr. Acosta, and at its principal place of business.  Travelers successfully served Repaintex through the Virginia State Corporation Commission as statutory agent on January 16, 2025.  On February 18,

2025, the Virginia State Corporation Commission filed its Certificate of Compliance. To date, Repaintex has not entered any appearance or filed any responses in this case. Repaintex's 21-day deadline to file a response to the Complaint under Rule 12(a) of the Federal Rules of Civil Procedure (the "Federal Rules") expired on March 11, 2025. Accordingly, Travelers requests that the Clerk enter a default against Repaintex pursuant to Rule 55(a) of the Federal Rules.

## BACKGROUND & RELIEF REQUESTED

1. On October 10, 2015, Repaintex, through Mr. Acosta in his capacity as President of Repaintex, and Mr. Acosta and Ms. Acosta, each individually, executed the Indemnity Agreement in favor of Travelers.

2. The Defendants, as parties to the Indemnity Agreement, are jointly and severally liable to Travelers for damages, including attorneys' fees and costs, incurred by Travelers due to the Defendants' failure to comply with the terms and conditions of the Indemnity Agreement.

3. In reliance upon the Indemnity Agreement, Travelers, as surety, issued numerous payment and performance bonds (the "Bonds") on behalf of Repaintex for U.S. federal construction projects. Following defaults by Repaintex related to those construction projects, Travelers incurred losses, fees, and expenses in the approximate amount of $4,647,666.75, plus $211,216.29 in professional fees recoverable under the Indemnity Agreement. The current aggregate for the Reserves set on open exposure totals $3,106,837.96. The total aggregate amount Travelers is seeking is $7,965,721.00. Under the Indemnity Agreement, the Defendants are liable to Travelers for these losses, fees, and expenses.

4. On October 25, 2024, Travelers commenced this lawsuit against the Defendants to enforce its rights under the Indemnity Agreement and for a money judgment in the amount of no less than $7,654,529.87. *See* Compl. ¶¶ 7, 67 [ECF No. 1]. As of the filing of this Motion for

Entry of Default, Travelers has realized losses and has incurred fees and expenses recoverable under the Indemnity Agreement in an amount not less than $7,965,721.00, plus attorneys' fees, legal costs and expenses, and interest.

5. Following the commencement of this lawsuit, Travelers made multiple attempts to serve Repaintex. After numerous failed attempts to serve Mr. Acosta, on January 13, 2025, Travelers filed the *Motion for Alternative Service and Supporting Memorandum* ("Motion for Alternative Service"), *see* ECF No. 15. As Travelers stated in the Motion for Alternative Service, Repaintex is a Virginia corporation with its principal place of business at 722 E Market Street, Suite 102, Leesburg, Virginia 20176 (the "Market Street Address"). Mr. Acosta is the President, Director, Sole Officer, and Registered Agent for Repaintex. Despite multiple efforts to serve Repaintex at the Market Street Address, neither Mr. Acosta nor anyone else was at the Market Street Address to accept service for Repaintex. Attempts to serve Mr. Acosta and Repaintex at his Florida residence were also unsuccessful. Therefore, in the Motion for Alternative Service, Travelers requested permission to serve Repaintex, through Mr. Acosta as Registered Agent, by first-class mail postage, prepaid, posting, and email.

6. On January 15, 2025, the Court entered an order granting the Motion for Alternative Service in part (the "Order"). *See* ECF No. 17. Specifically, the Court ordered:

> that Plaintiff may serve Repaintex by serving the Clerk of the Virginia State Corporation Commission in accordance with Code of Virginia sections 13.1-637 and 12.1-19.1, and it is further

*See* Order at 4.

7. Section 12.1-19.1 of the Code of Virginia authorizes service on the Clerk of the Virgina State Corporation Commission as statutory agent and directs the Clerk to file a certificate of compliance with the Court. It also provides that "the time for such person or entity to respond to process sent by the Clerk shall run from the date when the certificate of compliance is filed[.]"

3

Va. Code § 12.1-19.1(A).

8. On January 16, 2025, the Clerk of the Virginia State Corporation Commission was duly served with a copy of the Order, Complaint, and summons, as evidenced by an affidavit of service. *See* ECF No. 18, Proof of Service as to the Virginia State Corporation Commission.

9. On February 18, 2025, the Virginia State Corporation Commission filed its Certificate of Compliance, *see* ECF No. 21, certifying that it mailed the documents to Repaintex in compliance with section 12.1-19.1 of the Code of Virginia.

10. Under section 12.1-19.1 of the Code of Virginia and Federal Rule 12(a), Repaintex's answer and/or responsive pleading(s) was due on or about March 11, 2025, which is twenty-one (21) days from the date that the Virginia State Corporation Commission filed its Certificate of Compliance. *See* FED. R. CIV. P. 12(a) ("A defendant must serve an answer within 21 days after being served with the summons and complaint").

11. More than twenty-one (21) days have elapsed since the Certificate of Compliance was filed, and Repaintex has failed to appear, answer or otherwise defend the instant action within the time limitation prescribed by Federal Rule 12(a). Accordingly, Repaintex is in default pursuant to Federal Rule 55(a). *See* FED. R. CIV. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.").

12. The failure of Repaintex to plead or otherwise defend the allegations of Travelers' Complaint results in those allegations being admitted; therefore, Travelers requests the Clerk make an entry of default pursuant to Federal Rule 55(a) against Repaintex.

WHEREFORE, Plaintiff Travelers Casualty and Surety Company of America, respectfully requests that the Clerk: (i) enter a default against Repaintex; (ii) grant Travelers leave to prove its

damages by affidavit for the entry of final judgment pursuant to Fed. R. Civ. P. 55(b); and (iii) for such other relief as this Court deems just and appropriate.

DATED:     March 21, 2025                    Respectfully submitted,

                                            */s/ Marguerite Lee DeVoll*
Jennifer L. Kneeland (VSB No. 71187)
Marguerite Lee DeVoll (VSB No. 93474)
WATT, TIEDER, HOFFAR & FITZGERALD, LLP
1765 Greensboro Station Place, Suite 1000
McLean, Virginia 22102
(703) 749-1000
(703) 893-8029 (fax)
jkneeland@watttieder.com
mdevoll@watttieder.com

*Counsel for Travelers Casualty & Surety Company of America*

5

## **CERTIFICATE OF SERVICE**

I HEREBY certify that I caused the foregoing to be served via CM/ECF on March 21, 2025 on the following:

> Timothy P. Bosson
> **BOSSON LEGAL GROUP, P.C.**
> 8300 Arlington Blvd. Ste B2
> Fairfax, Virginia 22031
> *TBosson@bossonlaw.com*
> *Counsel for Defendant Angela P. Acosta*

I HEREBY further certify that I caused the foregoing to be served via first-class mail, postage prepaid on March 21, 2025 on the following:

Carlos Acosta
12911 Oleander Rd.
North Miami, Florida 33181

Repaintex Company
c/o Carlos Acosta
12911 Oleander Rd.
North Miami, Florida 33181

Repaintex Company
722 E Market Street, Suite 102
Leesburg, Virginia 20176

Repaintex Company
116 Edwards Ferry Road Northeast, Suite H
Leesburg, Virginia 20176

*/s/ Marguerite Lee DeVoll*

Marguerite Lee DeVoll